Matter of Ortega (2019 NY Slip Op 01415)





Matter of Ortega


2019 NY Slip Op 01415


Decided on February 27, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
RUTH C. BALKIN
JOHN M. LEVENTHAL
CHERYL E. CHAMBERS, JJ.


2016-08920OPINION & ORDER

[*1]In the Matter of Manuel Ortega, an attorney and counselor-at-law. (Attorney Registration No. 2151421)



The respondent, Manuel Ortega, was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on December 9, 1987. By order to show cause dated April 30, 2018, this Court directed the respondent to show cause why discipline should or should not be imposed on him in this State pursuant to 22 NYCRR 1240.13, based on the misconduct underlying the discipline imposed by an order of the United States Court of Appeals for the Second Circuit, dated March 27, 2018.



Diana Maxfield Kearse, Brooklyn, NY (Sasha N. Holguin of counsel), for the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.
Manuel Ortega, Staten Island, NY, respondent pro se.



PER CURIAM.


By order dated March 27, 2018, the United States Court of Appeals for the Second Circuit (hereinafter the Second Circuit) publicly reprimanded the respondent and barred him from the practice of law before the Second Circuit unless he is first granted admission to that court's bar or granted leave to represent a party in a particular case (see Matter of Ortega , 726 Fed Appx 54 [2d Cir]). The disciplinary action taken by the Second Circuit against the respondent was predicated on the respondent's conduct in an action entitled United States v Berrio Restrepo (Gomez De Cavides) , commenced in the Second Circuit under Docket No. 14-4049, in which the respondent represented Gloria Luz Gomez De Cavides (hereinafter the defendant) in her appeal from a 2014 criminal judgment sentencing her, inter alia, to 60 months' imprisonment. Although the respondent was not a member of the Second Circuit's bar, he represented the defendant pursuant to that court's Local Rule 4.1, requiring the attorney who represented a defendant in a United States District Court criminal case to continue that representation on appeal even if the attorney is not admitted to that court's bar. By order dated July 27, 2015, the Second Circuit directed the respondent to show cause why he should not be sanctioned for failing to respond to orders of that court and multiple telephone calls placed by the Clerk's Office, in relation to the defendant's appeal. He also was directed to appear in person for a hearing on the July 2015 order.
The respondent neither responded to the July 2015 order nor scheduled the hearing. The respondent also failed to respond to orders of the Second Circuit directing him to file a proper response to the Government's motion to dismiss the appeal. As a result of his defaults, the respondent was relieved as counsel for the defendant. Thereafter, the defendant, proceeding pro se, defaulted on the appeal, resulting in its dismissal.
As a result of the respondent's conduct in the appeal, and his failure to comply with the July 2015 order, by order dated September 23, 2015, the Second Circuit barred him from the practice of law before that court pending final disposition of the disciplinary matter.
In the final order of discipline, dated March 27, 2018, the Second Circuit treated the [*2]respondent's failure to respond to the July 2015 order "as an admission that he did, in fact, engage in the conduct described in that order and that he lacked any legitimate excuse for it." Further, the Second Circuit found that the respondent's "failure to respond also constitutes both an independent basis for disciplinary action and a significant aggravating factor." As noted by the Second Circuit, "the fact that the defaults described in the July 2015 order occurred in a criminal appeal, where significant liberty interests were at risk, . . . and the fact that [the respondent] has substantial experience as a lawyer," are additional significant aggravating factors. Accordingly, the Second Circuit publicly reprimanded the respondent and barred him from the practice of law before that court unless he is first granted admission to that court's bar or granted leave to represent a party in a particular case.
In his response to this Court's order to show cause, the respondent submitted an affirmation in which he does not raise any of the enumerated defenses set forth in 22 NYCRR 1240.13(b). By way of explanation, the respondent acknowledges, inter alia, that he was not aware of all the rules of the Second Circuit, including the rule that the trial attorney is also the appellate attorney unless relieved by the court. Although the respondent prepared a motion seeking permission to withdraw as counsel for the defendant, due to procedural defects, the motion was not accepted for filing. At that time, the respondent and his family faced certain personal difficulties, which he states caused him to put this matter aside. When the disciplinary matter later arose in the Second Circuit, the respondent states that he did what he counsels clients not to do, he panicked and ignored the matter, and allowed the discipline to go forward without a defense. He now admits that he "made an egregious error" and that "he did not act in the most professional manner." In mitigation, the respondent seeks consideration of his otherwise unblemished disciplinary record in 30 years of practice, and requests, inter alia, that no further sanction be imposed.
Notwithstanding the mitigation advanced, it is undisputed that the respondent, an experienced attorney, while representing a defendant in a criminal appeal failed to properly withdraw from representation, failed to respond to inquiries by the Clerk's Office of the Second Circuit, and did not comply with the multiple orders from the Second Circuit, including orders directing him to file a proper response to the Government's motion to dismiss the appeal, and to appear for a hearing. Accordingly, we find that the imposition of reciprocal discipline is warranted based on the findings of the Second Circuit, and we conclude that the appropriate sanction is a public censure.
SCHEINKMAN, P.J., DILLON, BALKIN, LEVENTHAL and CHAMBERS, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Manuel Ortega, is publicly censured.
ENTER:
Aprilanne Agostino
Clerk of the Court